**NOT FOR PUBLICATION**

```
FILED
JAMES J. WALDRON, CLERK
DEC. 6, 2016
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Edith Valentin
         DEPUTY
```

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In Re:<br><br>**ANDRE G. WIGGINS and**<br>**SHEILA S. BELL-WIGGINS,**<br><br>                    Debtors. | Case No.:   12-26993 (JKS)<br><br>Adv. No.:    15-01938 (JKS)<br><br>Judge:       Hon. John K. Sherwood |
| **ANDRE G. WIGGINS and**<br>**SHEILA S. BELL-WIGGINS,**<br><br>                    Plaintiffs,<br>   v.<br><br>**HUDSON CITY SAVINGS BANK and**<br>**WELLS FARGO BANK, N.A.,**<br><br>                    Defendants. | |

**DECISION AND ORDER REGARDING REMAND**
**OF SECOND MOTION FOR RECONSIDERATION**

The relief set forth on the following pages, numbered two (2) through fifteen (15), is

hereby **ORDERED**.

            *John K. Sherwood*
            _____
            JOHN K. SHERWOOD
            UNITED STATES BANKRUPTCY JUDGE

Case 15-01938-JKS    Doc 33    Filed 12/06/16    Entered 12/06/16 12:22:30    Desc Main
                      Document       Page 2 of 15

Page 2
Adv. Pro.: Andre S. Wiggins and Sheila S. Bell-Wiggins v. Hudson City Savings Bank, et al.
Decision and Order Regarding Remand of Second Motion for Reconsideration

# INTRODUCTION

1. By its order and opinion dated October 13, 2016, the District Court reversed and remanded this Court's order denying Andre G. Wiggins and Sheila S. Bell-Wiggins's ("Plaintiffs") second motion for reconsideration dated November 17, 2015. (ECF No. 21). Specifically, this Court has been asked to determine whether Plaintiffs' proposed amended complaint would have cured the deficiencies found in the original complaint or whether the amendment would be futile. The Court's decision on this issue is set forth below.

# BACKGROUND AND PROCEDURAL HISTORY

2. Plaintiffs filed a Chapter 13 petition on July 5, 2012. (Main Case, ECF No. 1).

3. On May 18, 2015, Plaintiffs filed an adversary complaint ("Complaint") against Hudson City Savings Bank and Wells Fargo Bank, N.A. ("Defendants") alleging claims for violations of the automatic stay pursuant to 11 U.S.C. § 362 and of the Real Estate Settlement Procedures Act ("RESPA") and Implementing Regulation X. (ECF No. 1).

4. On June 17, 2015, Defendants filed a motion to dismiss the Complaint. (ECF No. 4).

5. Following a hearing on the motion to dismiss, the Court entered an opinion and order dismissing the Complaint in its entirety on August 4, 2015. (ECF Nos. 7, 8).

6. On August 18, 2015, Plaintiffs moved for reconsideration of the order, asserting that the Court erred by dismissing the Complaint without granting Plaintiffs' request for leave to amend. (ECF No. 11). The Court entered an order denying the motion because Plaintiffs failed to provide a proposed amended complaint or otherwise set forth any factual or legal

Case 15-01938-JKS    Doc 33    Filed 12/06/16    Entered 12/06/16 12:22:30    Desc Main
                    Document      Page 3 of 15

Page 3
Adv. Pro.: Andre S. Wiggins and Sheila S. Bell-Wiggins v. Hudson City Savings Bank, et al.
Adv. No.: 15-01938 (JKS)
Decision and Order Regarding Remand of Second Motion for Reconsideration

assertions that could serve as the basis for a viable cause of action when they requested leave to amend in connection with the initial motion for reconsideration. (ECF No. 15).

7. On September 24, 2015, Plaintiffs filed a second motion for reconsideration, this time attaching a proposed amended complaint. ("Amended Complaint") (ECF No. 17, Ex. A). The Court entered an order denying the motion for leave to amend because Plaintiffs had failed to show: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the Court granted Defendants' motion to dismiss; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. (ECF No. 21) (citing *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

8. On December 2, 2015, Plaintiffs filed a notice of appeal of this Court's order denying the second motion for reconsideration to the District Court. (ECF No. 23).

9. On March 24, 2016, Plaintiffs filed a motion for a stay pending appeal. (ECF No. 27). This motion was granted with certain conditions. (ECF No. 30).

10. On October 13, 2016, the District Court entered an order reversing and remanding this Court's denial of Plaintiffs' second motion for reconsideration and directed that the Court determine whether permitting the filing of the proposed Amended Complaint would be futile. (ECF No. 32).

## DISCUSSION

### A. FIRST AND SECOND COUNTS OF PROPOSED AMENDED COMPLAINT - VIOLATION OF THE AUTOMATIC STAY

11. The First and Second Counts of Plaintiffs' Amended Complaint seek damages and injunctive relief based upon Defendants' alleged willful violation of the automatic stay

Case 15-01938-JKS    Doc 33    Filed 12/06/16    Entered 12/06/16 12:22:30    Desc Main
                    Document      Page 4 of 15

Page 4
Adv. Pro.: Andre S. Wiggins and Sheila S. Bell-Wiggins v. Hudson City Savings Bank, et al.
Adv. No.: 15-01938 (JKS)
Decision and Order Regarding Remand of Second Motion for Reconsideration

imposed under 11 U.S.C. § 362 by filing a foreclosure action against real property located at 812 Cleveland Avenue, Scotch Plains, New Jersey. (Amended Complaint, ¶¶ 51-57). These claims for relief are the same as the first and second counts of Plaintiffs' original Complaint. (ECF No. 1). The merits of these claims were addressed in the Court's decision of August 4, 2015. (ECF No. 7, at 6-10). Based on that analysis, the Court finds that Plaintiffs' claims under the First and Second Counts of the Amended Complaint are futile.

    B.    **THIRD COUNT OF PROPOSED AMENDED COMPLAINT – VIOLATIONS OF RESPA AND REGULATION X**

12. The Third Count of Plaintiffs' Amended Complaint is similar to the original Complaint, but not exactly the same. Both complaints describe violations of 12 C.F.R. §§ 1024.35 and 1024.41. The Amended Complaint adds claims based on violations of 12 C.F.R. §§ 1024.36, 1024.38 and 1024.41(d) to the mix and seeks damages based on violations of these provisions of Regulation X.

13. Because the subject property ceased to be an asset of the estate following its surrender pursuant to Plaintiffs' confirmed Chapter 13 Plan, the Court probably does not have core jurisdiction over the Real Estate Settlement Procedures Act ("RESPA") or Fair Debt Collection Practices Act ("FDCPA") claims. At best, the Court has "related to" jurisdiction over Plaintiffs' claims in Counts Three and Four of the Amended Complaint pursuant to 28 U.S.C. § 1334(b). Though Plaintiffs have indicated that they consent to the entry of final orders by this Court (Amended Complaint, ¶ 2), Defendants have not yet expressed such consent. Accordingly, the following constitutes the Court's proposed findings of fact and conclusions of law pursuant to 28 U.S.C. § 157(c)(1).

Page 5
Adv. Pro.: Andre S. Wiggins and Sheila S. Bell-Wiggins v. Hudson City Savings Bank, et al.
Adv. No.: 15-01938 (JKS)
Decision and Order Regarding Remand of Second Motion for Reconsideration

> i. **Failure to Properly Respond to a Notice of Error pursuant to 12 C.F.R. § 1024.35**

14. Count Three of Plaintiffs' Amended Complaint alleges that Defendants failed to properly respond to notices of error dated April 21, 2015, September 1, 2015, and September 9, 2015, in violation of 12 C.F.R. § 1024.35. (Amended Complaint, ¶¶ 30-31, 41-43, 60). In the Amended Complaint, Plaintiffs emphasize that Defendants' responses to the April 21, 2015 notice of error letter were untimely because they were not sent to their attorney's correct address. (*Id.*, ¶¶ 33-35). The record shows that Wells Fargo sent three responses to the April 21, 2015 notice of error letter – one to Plaintiffs at their home address, and two to their attorney at an incorrect address. Plaintiffs acknowledge in the Amended Complaint that the responses sent to the attorney were ultimately received, but stress the fact that receipt was beyond the 30-day response deadline set forth in 12 C.F.R. § 1024.35(e).

15. The Court concludes based on a review of the allegations in the Amended Complaint and the three responses sent by Wells Fargo (Amended Complaint, Ex. F, H, J) that the alleged violations of 12 C.F.R. § 1024.35(e) were unintentional and immaterial. There is simply no nexus between these alleged violations and a viable claim for damages. Also, these alleged 12 C.F.R. § 1024.35 violations were rejected by the Court in its decision of August 4, 2015 because of the bankruptcy exemption under 12 C.F.R. § 1024.37(d) and the Court's view that Plaintiffs should have invoked the appeals process. (ECF No. 7, at 13-16). For the same reasons, the Court finds that Plaintiffs' claims in the Third Count of the proposed Amended Complaint that are based on violations of 12 C.F.R. § 1024.35 would be futile.

Case 15-01938-JKS    Doc 33    Filed 12/06/16    Entered 12/06/16 12:22:30    Desc Main
Document      Page 6 of 15

Page 6
Adv. Pro.: Andre S. Wiggins and Sheila S. Bell-Wiggins v. Hudson City Savings Bank, et al.
Adv. No.: 15-01938 (JKS)
Decision and Order Regarding Remand of Second Motion for Reconsideration

ii. **Failure to Properly Respond to a Request for Information pursuant to 12 C.F.R. § 1024.36**

16. Count Three of Plaintiffs' Amended Complaint also alleges that Defendants failed to respond to requests for information dated September 1, 2015, and September 9, 2015, in violation of 12 C.F.R. § 1024.36. (Amended Complaint, ¶¶ 41-42, 59, 64). This claim was not made in the original Complaint, so it will be addressed in more detail here.

17. The only "request[s] for information" pursuant to 12 C.F.R. § 1024.36 that are part of the record are Plaintiffs' September 1, 2015 and September 9, 2015 correspondence. (Amended Complaint, Ex. G, I). The timing of these requests is noteworthy, because they came: (1) after the denial of Plaintiffs' loss mitigation application on February 26, 2015 and expiration of the appeal period with respect to the denial on March 28, 2015; (2) after this adversary proceeding was filed on May 18, 2015; and (3) after this Court decided to dismiss Plaintiffs' original Complaint on August 4, 2015.

18. The fact that the requests for information referred to in the Amended Complaint were first served <u>after</u> this adversary proceeding had been filed and dismissed is somewhat out of the ordinary. At a time when the parties were engaged in litigation with one another over Wells Fargo's denial of Plaintiffs' loss mitigation request, it would seem that a mortgage servicer should not be obligated to respond to requests for information outside the context of the litigation. Of course, Defendants relied upon this sequence of events as a basis for their response to the correspondence dated September 1, 2015, and September 9, 2015. The Court believes that Defendants' reliance upon the August 4, 2015 decision was justified and finds it hard to imagine that Defendants' response could be the basis for a damage claim by Plaintiffs.

Case 15-01938-JKS    Doc 33    Filed 12/06/16    Entered 12/06/16 12:22:30    Desc Main
                     Document      Page 7 of 15

Page 7
Adv. Pro.: Andre S. Wiggins and Sheila S. Bell-Wiggins v. Hudson City Savings Bank, et al.
Adv. No.: 15-01938 (JKS)
Decision and Order Regarding Remand of Second Motion for Reconsideration

19. Also, requests for information under 12 C.F.R. § 1024.36 must relate to the <u>servicing</u> of the mortgage loan.[1]

20. RESPA defines "servicing" as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).

21. In the Amended Complaint, Plaintiffs do not refer to any requests for information relating to Defendants' receipt or application of their mortgage payments. Instead, the correspondence sent by Plaintiffs questions the reason for Defendants' denial of the loss mitigation application and alleges errors related thereto. None of these communications relate to the servicing of the loan as defined above. Thus, there is no viable claim for damages under 12 C.F.R. § 1024.36.

22. For these reasons, the Court finds that Plaintiffs' claims in the Third Count of the proposed Amended Complaint that are based on violations of 12 C.F.R. § 1024.36 would be futile.

   iii. **Failure to Establish Policies and Procedures as set forth under 12 C.F.R. § 1024.38**

23. Count Three of Plaintiffs' Amended Complaint also alleges that Defendants have failed to establish policies and procedures reasonably designed to ensure the provision of accurate information regarding loss mitigation options and the proper evaluation of

---

[1] "A qualified written request that requests <u>information relating to the servicing of the mortgage loan</u> is a request for information for purposes of this section…" 12 C.F.R. § 1024.36(a) (emphasis added). *See, e.g., Hintz v. JPMorgan Chase Bank, N.A.,* 2011 WL 579339 at *8 (D. Minn. Feb. 8, 2011) (dismissing RESPA claim where communication did not identify errors in plaintiff's account or relate to servicing of the mortgage); *Bray v. Bank of Am.,* 2011 WL 30307, *12 (D.N.D. Jan 5, 2011) (dismissing RESPA claim where "none of the communications relate to the servicing of the loan as that term is defined by statute"); *Gates v. Wachovia Mortg., FSB*, 2010 WL 2606511, at *3 (E.D. Cal. June 28, 2010) (noting that "[c]ourts routinely interpret 12 U.S.C. § 2605(i)(3) as requiring [requests for information] to relate to the servicing of a loan, rather than the creation or modification of a loan").

Case 15-01938-JKS    Doc 33    Filed 12/06/16    Entered 12/06/16 12:22:30    Desc Main
Document    Page 8 of 15

Page 8
Adv. Pro.: Andre S. Wiggins and Sheila S. Bell-Wiggins v. Hudson City Savings Bank, et al.
Adv. No.: 15-01938 (JKS)
Decision and Order Regarding Remand of Second Motion for Reconsideration

individual borrowers for these options. Plaintiffs allege that this failure violates 12 C.F.R. § 1024.38. (Amended Complaint, ¶¶ 62, 67). This claim was also raised for the first time in the proposed Amended Complaint.

24. RESPA directs mortgage servicers to maintain policies and procedures reasonably designed to provide accurate and timely information to borrowers about their loans, including information related to loss mitigation options. *See* 12 C.F.R. § 1024.38(b)(2). The question here is whether mortgage servicers should be subject to claims brought by borrowers under 12 C.F.R. § 1024.38 or is the oversight of the Consumer Financial Protection Bureau ("Bureau") enough to incentivize mortgage servicers to comply.

25. During the rulemaking process, the Bureau found that "supervision and enforcement by the Bureau and other Federal regulators for compliance with, and violations of, 12 C.F.R. § 1024.38, respectively, would provide robust consumer protection" and determined that no private right of action exists for borrowers. *See* 78 Fed. Reg. 10696, 10778-79 (Feb. 14, 2013).

26. The courts agree that only the Bureau has the power to enforce 12 C.F.R. § 1024.38.[2]

27. For these reasons, the Court finds that Plaintiffs' claims in the Third Count of the proposed Amended Complaint that are based on violations of 12 C.F.R. § 1024.38 would be futile.

---

[2] *See Andrade v. Carrington Mortg. Services, LLC,* 2015 WL 7108119, at *3 (W.D. Mich. Nov. 13, 2015) (borrowers do not have a private right of action under 12 C.F.R. § 1024.38); *Sharp v. Deutsche Bank Nat'l Trust Co.,* 2015 WL 4771291, at *6-7 (D.N.H. Aug. 11, 2015) (concluding that, based upon the Bureau's interpretation of 12 C.F.R. § 1024.38, a plaintiff has no private right to enforce the rule); *Deming-Anderson v. PNC Mortg.,* 2015 WL 4724805, at *40 (E.D. Mich. Aug. 10, 2015) (citing the Bureau's final rule, enforcement by the Bureau of provisions regarding servicing policies, procedures, and requirements provides sufficient consumer protection).

Case 15-01938-JKS    Doc 33    Filed 12/06/16    Entered 12/06/16 12:22:30    Desc Main
Document      Page 9 of 15

Page 9
Adv. Pro.: Andre S. Wiggins and Sheila S. Bell-Wiggins v. Hudson City Savings Bank, et al.
Adv. No.: 15-01938 (JKS)
Decision and Order Regarding Remand of Second Motion for Reconsideration

      iv.    **Failure to Provide Information required under 12 C.F.R. § 1024.41(d)**

28. Count Three of Plaintiffs' Amended Complaint also alleges that Defendants failed to list in the February 26, 2015 denial letter the various loan modification options for which Plaintiffs were reviewed, as well as the specific criteria they failed to satisfy. Plaintiffs contend that Defendants' actions violated 12 C.F.R. § 1024.41(d). (Amended Complaint, ¶¶ 26-27, 63).

29. In response, Defendants claim the denial letter properly lists each loss mitigation option for which Plaintiffs were reviewed, the reasons for the decision, and fully complies with the requirements of 12 C.F.R. § 1024.41(d). (Defendants' Opposition to Motion, ECF No. 18).

30. 12 C.F.R. § 1024.41(d) provides in pertinent part:

> If a borrower's complete loss mitigation application is denied for any trial or permanent loan modification option available to the borrower…a servicer shall state in the notice sent to the borrower…the specific reason or reasons for the servicer's determination for each such trial or permanent loan modification option and, if applicable, that the borrower was not evaluated on other criteria.

31. In promulgating 12 C.F.R. § 1024.41, the Bureau recognized consumers were often frustrated with the lack of information provided by servicers when issuing a loss mitigation decision. To assist consumer understanding and to effectuate the appeal, the Bureau determined that when a loan modification is denied due to investor requirements, the servicer must specify "the owner or assignee of the mortgage loan and the requirement that is the basis of the denial." *See* 78 Fed. Reg. 10696, 10830 (Feb. 14, 2013). Further, "a statement that the denial of a loan modification option is based on an

Case 15-01938-JKS    Doc 33    Filed 12/06/16    Entered 12/06/16 12:22:30    Desc Main
Document      Page 10 of 15

Page 10
Adv. Pro.: Andre S. Wiggins and Sheila S. Bell-Wiggins v. Hudson City Savings Bank, et al.
Adv. No.: 15-01938 (JKS)
Decision and Order Regarding Remand of Second Motion for Reconsideration

investor requirement, without additional information specifically identifying…the specific applicable requirement, is insufficient." *Id.*

32. To assist consumers, the Bureau established a private right of action to "ensure that individual borrowers have the necessary tools" to "receive the benefit of [these] loss mitigation procedures." 78 Fed. Reg. at 10823. Borrowers may enforce the provisions of 12 C.F.R. § 1024.41 against a servicer pursuant to 12 U.S.C. § 2605(f), which provides in pertinent part that:

> Whoever fails to comply with any provisions of this section shall be liable to the borrower for each such failure in the following amounts:
> (1) In the case of any action by an individual, an amount equal to the sum of:
> (A) any actual damages to the borrower as a result of the failure; and
> (B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.

33. The denial letter identifies Hudson City Savings Bank as the investor and sets forth three separate loss mitigation programs for which Plaintiffs were reviewed: (1) loan modification; (2) cap to reinstate; and (3) repayment plan. (Amended Complaint, Ex. A).

34. In regard to the loan modification and cap to reinstate programs, the letter states that Wells Fargo did "not have the contractual authority to modify [Plaintiffs'] loan because of limitations in our servicing agreement." In a subsequent letter dated May 12, 2015, (Amended Complaint, Ex. F), Wells Fargo also indicated that Plaintiffs could not qualify for a loan modification "that met investor guidelines." The Court agrees with Plaintiffs' contention that these responses may lack the specificity required by 12 C.F.R. § 1024.41

Case 15-01938-JKS    Doc 33    Filed 12/06/16    Entered 12/06/16 12:22:30    Desc Main
Document    Page 11 of 15

Page 11
Adv. Pro.: Andre S. Wiggins and Sheila S. Bell-Wiggins v. Hudson City Savings Bank, et al.
Adv. No.: 15-01938 (JKS)
Decision and Order Regarding Remand of Second Motion for Reconsideration

and the Bureau's guidelines. Thus, it cannot conclude that claims based on these responses would be futile under 12 C.F.R. § 1024.41.

35. Defendants' statement in the February 26, 2015 denial letter that Plaintiffs did not qualify for repayment plan modification because doing so would conflict with the terms of Plaintiffs' bankruptcy plan or increase Plaintiffs' monthly mortgage payment is less troubling. At the time of this letter, Plaintiffs had filed four Chapter 13 plans, none of which referred to loan modification as the method of dealing with the mortgage debt. It would be futile for the Plaintiffs to claim that this response was inconsistent with 12 C.F.R. § 1024.41.

## C. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

36. Count Four of Plaintiffs' Amended Complaint alleges that Wells Fargo is a debt collector under the FDCPA and made false, deceptive or misleading statements when it claimed to lack authority to modify Plaintiffs' loan and that it was unable to approve a loan modification that met investor guidelines. Plaintiffs contend these actions are prohibited under 15 U.S.C. §1692e of the FDCPA. (Amended Complaint, ¶¶ 75-82). As the Court has acknowledged above, these specific responses may not have been in compliance with the Bureau's guidelines under 12 C.F.R. § 1024.41.

37. But, Defendants assert that they are not debt collectors as defined by the FDCPA because servicing of Plaintiffs' loan began prior to default and even if they were debt collectors, Plaintiffs have failed to show how Defendants engaged in any act prohibited by the FDCPA. (Defendants' Opposition to Motion, ECF No. 18). The FDCPA provides that a debt collector may not use "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

Case 15-01938-JKS  Doc 33  Filed 12/06/16  Entered 12/06/16 12:22:30  Desc Main
Document      Page 12 of 15

Page 12
Adv. Pro.: Andre S. Wiggins and Sheila S. Bell-Wiggins v. Hudson City Savings Bank, et al.
Adv. No.: 15-01938 (JKS)
Decision and Order Regarding Remand of Second Motion for Reconsideration

38. To prevail on a FDCPA claim, "a plaintiff must prove that: (1) she is a consumer; (2) the defendant is a debt collector; (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it; and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015).

39. There is no dispute that Plaintiffs are consumers for purposes of the Court's review.

40. 15 U.S.C. § 1692a(6) of the FDCPA defines a "debt collector" as:

> …any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, <u>debts</u> owed or due or asserted to be <u>owed or due another</u>…the term includes any creditor, who, in the process of collecting his own debt, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts…

41. Although Plaintiffs claim Wells Fargo is a debt collector under the FDCPA and is not the original lender, they do not allege that servicing of the loan by Wells Fargo began after the date of default.

42. When Congress enacted the FDCPA, it sought to protect consumers and remedy egregious collection practices by third parties. The legislative history shows that Congress' focus was not to punish creditors, whom it believed were generally "restrained by the desire to protect their good will when collecting past due accounts" or those who "collect[ed] a debt for another in an isolated instance." S. Rep. No. 382, 95TH Cong., 1ST Sess. 1977, at 2. Rather, Congress sought to reign in those unscrupulous independent debt collectors who "collect for others in the regular course of business" and are "often unconcerned with the consumer's opinion of them." S. Rep. No. 382, at 3. Thus,

Case 15-01938-JKS    Doc 33    Filed 12/06/16    Entered 12/06/16 12:22:30    Desc Main
Document    Page 13 of 15

Page 13
Adv. Pro.: Andre S. Wiggins and Sheila S. Bell-Wiggins v. Hudson City Savings Bank, et al.
Adv. No.: 15-01938 (JKS)
Decision and Order Regarding Remand of Second Motion for Reconsideration

Congress did not define a debt collector as those "in house" collectors for creditors collecting debt owed them, banks collecting mortgage and student loan debt they had originated, or mortgage servicing companies who serviced loans that were not in default at the time they began servicing the loan. *Id.* at 3-4.

43. The FDCPA excludes from the definition of "debt collector" any person collecting or attempting to collect a debt due or owed to another, to the extent the activity "concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F). Courts have interpreted this to apply to mortgage servicing companies who begin servicing a loan prior to default. *See Slimm v. Bank of America Corporation,* 2013 WL 1867035, at *6 (D.N.J. May 2, 2013) (citing *Siwulec v. Chase Home Finance, LLC,* 2010 WL 5071353, at *2-3 (D.N.J. Dec. 7, 2010); *Stolba v. Wells Fargo & Co.,* 2011 WL 3444078, at *2 (D.N.J. Aug. 8, 2011).

44. In *Siwulec,* the court dismissed the plaintiff's FDCPA claim because she failed to sufficiently allege that her loan was in default at the time the defendant began servicing the loan. The court noted that "[w]hile Plaintiff is not required at this stage to know the exact date [servicer] began servicing of the loan, she is required to plead some facts – rather than no facts – that would raise her claim above the speculative level." 2010 WL 5071353, at *5-6.

45. Here, Plaintiffs have failed to allege their loan was in default at the time Defendants began servicing the loan and it is likely that it was not. For example, Plaintiffs allege their loan was sold shortly after its 2007 origination and Defendants' role has "always been as a servicer." (Amended Complaint, ¶¶ 10-14). As in *Slimm* and *Siwulec* above, Plaintiffs'

Case 15-01938-JKS    Doc 33    Filed 12/06/16    Entered 12/06/16 12:22:30    Desc Main
Document    Page 14 of 15

Page 14
Adv. Pro.: Andre S. Wiggins and Sheila S. Bell-Wiggins v. Hudson City Savings Bank, et al.
Adv. No.: 15-01938 (JKS)
Decision and Order Regarding Remand of Second Motion for Reconsideration

failure to allege that the loan was in default when it was acquired by Wells Fargo is fatal to their FDCPA claim. 2013 WL 1867035; 2010 WL 5071353.

46. Plaintiffs also have failed to allege facts to support their claim that Defendants violated the FDCPA by engaging in prohibited practices in attempting to collect a debt.

47. Plaintiffs allege Wells Fargo violated the FDCPA when it advised that it lacked authority to modify Plaintiffs' loan and that it could not approve a loan modification that met investor guidelines. This was not an attempt by Defendants to collect a debt from Plaintiffs. Indeed, the denial letter itself clearly states that "THIS IS NOT A BILL OR A REQUEST FOR PAYMENT AS TO THESE CUSTOMERS." (Amended Complaint, Ex. A). Rather, the communication's sole purpose was to respond to Plaintiffs' loss mitigation request.

48. Plaintiffs' claims in the Fourth Count of the proposed Amended Complaint that are based on violations of the FDCPA are futile.

## **CONCLUSION**

49. As the District Court noted, where a complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(6), a "court must permit a curative amendment, unless an amendment would be inequitable or futile." *Alston v. Parker,* 363 F.3d 229, 235 (3d Cir. 2004).

50. Counts One, Two and Four of Plaintiffs' proposed Amended Complaint are futile for the reasons set forth above and the Court will not permit the filing of an amended complaint with respect to these claims.

51. With respect to Count Three, the Court has noted that Wells Fargo's responses regarding lack of authority to offer a loan modification due to limitations in the servicing agreement and failure to meet investor guidelines may not have satisfied the specificity

Case 15-01938-JKS    Doc 33    Filed 12/06/16    Entered 12/06/16 12:22:30    Desc Main
Document      Page 15 of 15

Page 15
Adv. Pro.: Andre S. Wiggins and Sheila S. Bell-Wiggins v. Hudson City Savings Bank, et al.
Adv. No.: 15-01938 (JKS)
Decision and Order Regarding Remand of Second Motion for Reconsideration

requirements of 12 C.F.R. § 1024.41(d). Thus, the Court is unable to conclude based on the record that claims based on these responses would be futile. It is further noted that the damages for violations of 12 C.F.R. § 1024.41(d) are governed by 12 U.S.C. § 2605(f), and would be limited to any actual damage to Plaintiffs due to the lack of specificity in Wells Fargo's responses and, in the case of a pattern or practice of noncompliance, additional damages of no more than $2,000.[3]

52.  Before any amendments are filed, the parties are directed to confer and schedule a conference call with the Court to discuss future proceedings and whether the stay pending appeal shall remain in effect.

---

[3] "A borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA." 12 C.F.R. § 1024.41(a).